As the author of the opinions in both Keebler v. WinfieldCarraway Hospital, 531 So.2d 841 (Ala. 1988), and Keeton v.Fayette County, 558 So.2d 884 (Ala. 1989), I think this case is controlled by Keebler. In the case at issue, and in Keebler andKeeton, the plaintiff's decedent committed suicide while incarcerated in a jail cell. In Keeton, it was reasonably foreseeable, as a matter of law, that minor prisoners might attempt to harm themselves while incarcerated in a county jail, based upon Ala. Code 1975, § 12-15-61, and the "Manual of Operating Procedures: Fayette County Jail Detention Program" adopted by Fayette County to obtain approval by the Department of Youth Services to use cells in the Fayette County jail for adult prisoners for the detention of juveniles. In my opinion, there is no statute or ordinance involved in the case at issue applicable to foreseeability; therefore, in accordance with the general case law, foreseeability of this adult decedent's suicide is a factual issue only if there is substantial evidence that (1) the deceased had a history of suicidal proclivities, or (2) manifested suicidal proclivities in the presence of the defendant, or (3) was admitted to the facility of the defendant because of a suicide attempt. There being no substantial evidence of any of these three conditions, the trial court did not err in granting the City of Talladega's motion for summary judgment. Keebler v. Winfield CarrawayHospital, supra. *Page 545